UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                              101 West Lombard Street
**GEORGE L. RUSSELL, III**                                       Baltimore, Maryland 21201
United States District Judge                                          410-962-4055

January 20, 2016

MEMORANDUM TO COUNSEL RE:      Douglas Blain LaFon v. Baltimore County, et al.
                                                         Civil Action No. GLR-15-3216

Dear Counsel:

Pending before the Court are Defendant Baltimore County's Motion to Dismiss Counts I, II, and IV (ECF No. 8) and Defendant Baltimore County Police Department's ("BCPD") Motion to Dismiss (ECF No. 9). The Motions are ripe for disposition. Having considered the Motions and supporting documents, the Court finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons stated below, the Motions will be granted.

According to Plaintiff Douglas Blain LaFon's Complaint, on October 25, 2012, BCPD arrested him following a traffic stop. BCPD then transported LaFon to Precint 8 in Parkville, Maryland for processing. During his confinement in Precint 8, LaFon attempted to obtain medical attention on multiple occasions. When medical personnel finally arrived, Defendant Officer James Kurtz, along with an unidentified officer, entered LaFon's cell and allegedly assaulted him.

On October 21, 2015, LaFon initiated this suit alleging a violation of federal constitutional rights under 42 U.S.C. § 1983 (2012) (Count I); negligence under the Local Government Tort Claims Act ("LGTCA"), Md.Code Ann., Cts. & Jud.Proc. ("CJP") § 5-301 et seq. (West 2016), (Count II); a violation of the Maryland Declaration of Rights (Count III); negligent hiring, supervision, and retention (Count IV); assault (Count V); battery (Count VI); and intentional infliction of emotional distress (Count VII). (ECF No. 1). On December 17, 2015, Baltimore County filed a Motion to Dismiss Counts I, II, and IV. (ECF No. 8). That same day, BCPD filed an unopposed Motion to Dismiss all Counts. (ECF No. 9). On January 5, 2015, LaFon filed an Opposition to Baltimore County's Motion to Dismiss Counts I, II, and IV. (ECF Nos. 10, 11).

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th

Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).  In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

## Baltimore County's Motion to Dismiss Counts I, II, and IV

Count I alleges a violation of federal constitutional rights under 42 U.S.C. § 1983.  "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury."  Connick v. Thompson, 563 U.S. 51, 60–61 (2011) (quoting Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)).  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."  Id. at 61.  In addition, "a municipality cannot be held liable under § 1983 on a respondeat superior theory."  Mang v. City of Greenbelt, Md., No. DKC 11–1891, 2012 WL 115454, at *4 (D.Md. Jan. 13, 2012) (quoting Monell, 436 U.S. at 691).  Here, LaFon does not allege that an official municipal policy caused his injury.  In fact, LaFon's Complaint is devoid of any specific allegations regarding Baltimore County.  Thus, Count I will be dismissed as to Baltimore County.

Count II alleges negligence under the LGTCA.  The LGTCA does not create liability on the part of a local government.  Dawson v. Prince George's Cty., 896 F.Supp. 537, 539 (D.Md. 1995).  Instead, the LGTCA "requires local governments to defend and indemnify [their] employees for the tortious acts they commit within the scope of their employment and without malice."  Hall v. Balt. Police Dep't, No. RDB–09–0333, 2009 WL 3247782, at *3 (D.Md. Oct. 6, 2009) (citing CJP § 5–302).  Under the LGTCA, "the local government retains sovereign immunity, but is required to insure its employees, to a limited extent, for the payment of any adverse judgments."  Id.  "Nevertheless, because the LGTCA does not waive [a local government]'s governmental immunity, [the local government] cannot be directly named as a defendant in a common law tort cause of action."  Id.  Consequently, Count II will be dismissed as to Baltimore County.

Count IV alleges negligent hiring, supervision, and retention of BCPD officers.  Under Maryland law, unless its immunity is legislatively waived, a local governmental entity is immune from liability for tortious conduct committed while the entity is acting in a governmental capacity.  Savage v. Mayor & City Council, Salisbury, MD, No. CCB-08-3200, 2009 WL 1119087, at *5 (D.Md. April 22, 2009) (quoting DiPino v. Davis, 729 A.2d 354, 369–70 (Md. 1999)).  A local government acts in a governmental capacity when it runs and supervises a police department.  Id. (citing DiPino, 729 A.2d at 370).  Accordingly, Count IV will be dismissed as to Baltimore County.

## BCPD's Motion to Dismiss

The BCPD argues that it does not have legal capacity to be sued.  The Court agrees.  The substantive law of Maryland determines whether the BCPD has legal capacity to be sued.  McNeill v.

Balt. Cty. Police Dep't, No. WDQ–10–0029, 2010 WL 2891693, at *1 n.1 (D.Md. July 20, 2010) (citing Chrysler Credit Corp. v. Superior Dodge, Inc., 538 F.2d 616, 617–18 (4th Cir. 1976)).  Under Maryland law, municipal or county police departments are agencies of their respective municipality or county.  Id.  As such, the BCPD has no legal identity separate and distinct from Baltimore County, and it lacks the requisite capacity to be sued.  Id.  Consequently, all claims against BCPD will be dismissed.

Based on the foregoing reasons, Baltimore County's Motion to Dismiss Counts I, II, and IV is GRANTED, and the BCPD's Motion to Dismiss is GRANTED.   Counts I, II, and IV are DISMISSED as to Baltimore County and all Counts are DISMISSED as to BCPD.  Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge

3